UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL W. KINCAID, DDS, INC. DBA RIVERSIDE FAMILY DENTAL GROUP** individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SYNCHRONY FINANCIAL**<br><br>Defendant. | CIVIL ACTION NO. 1:16-cv-00796<br><br><br>CLASS ACTION COMPLAINT<br>JURY DEMANDED |

### CLASS ACTION COMPLAINT

1. In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "unrestricted telemarketing . . . can be an intrusive invasion of privacy." 47 U.S.C. § 227, Congressional Statement of Findings #5. In enacting the TCPA, Congress outlawed telemarketing via unsolicited facsimile, hereinafter "Junk Faxes." 47 U.S.C. § 227. Plaintiff, Michael W. Kincaid, DDS, Inc. d/b/a Riverside Family Dental Group is a private dental practice that has been inundated with Junk Faxes. Plaintiff brings this class action to challenge Defendant Synchrony Financial's wholesale issuance of Junk Faxes in violation of the TCPA through its dental care credit card offerings, "CareCredit."

## THE PARTIES

2. The Plaintiff Michael W. Kincaid, DDS, Inc. d/b/a Riverside Family Dental Group ("Plaintiff" or "Riverside Family Dental Group") is a private dental practice with multiple locations.

3. The Defendant Synchrony Financial ("Synchrony" or "Defendant") is a publicly traded corporation that does extensive business in the State of Illinois. Synchrony has numerous employees and customers within this district.

## JURISDICTION

4. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

5. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because: (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

6. This Court has personal jurisdiction in this matter because Synchrony does business throughout the United States, including doing extensive business within the State of Illinois and maintaining ongoing physical presence in the state with numerous employees and customers in this district. Defendant therefore has established minimum contacts showing it has purposefully availed itself to the resources and protection of the state of Illinois.

7. Venue is proper in the United States District Court for the District of Illinois as Defendant is subject to personal jurisdiction in this district, and Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this district are sufficient to subject it to

personal jurisdiction. *See* 28 U.S.C. § 1391. In addition, Synchrony has sent an extensive number of Junk Faxes to individuals and businesses residing in this district that are the subject of this action.

### THE LEGAL BASIS OF THE CLASS CLAIMS

8. Riverside Family Dental Group's claims, and those of the class it seeks to represent, arise under the TCPA.

9. Among other provisions, the TCPA forbids Junk Faxes—sending unsolicited advertisements for goods and services via facsimile. 47 U.S.C. § 227(b)(1)(C).

10. The TCPA requires that even fax advertisements being sent to those who consented to their receipt, or with whom the advertiser had an established business relationship, must include an Opt Out Notice. 47 U.S.C. § 227(b)(2)(D).

11. Among other things, the Opt Out Notice provision requires the sender to clearly disclose in the body of the fax that recipients may request that the sender stop sending them fax advertisements—and that failure to remove the recipient from the sender's database within thirty days of such a request is itself a violation of the TCPA.

12. Section § 227(b)(3) of the TCPA provides a private right of action:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State, (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions.

### FACTUAL ALLEGATIONS AS TO THE REPRESENTATIVE PLAINTIFF

13. Synchrony offers a series of financial products to consumers, including through the brand name "CareCredit."

3

14. The only product offered by CareCredit is a credit card designed to be used by medical patients that charges an annual interest rate of 26.99%.

15. In early May 2015, an individual from CareCredit visited the office of the Plaintiff.

16. This individual had previously visited the practice and showed up every two months or so to encourage the staff to get patients to submit CareCredit applications.

17. During the May 2015 visit, the CareCredit representative was very rude and aggressive to the staff.

18. The CareCredit representative told the staff that they currently had zero patients using CareCredit at that point in time, and he pulled out a report showing that the dental practice had not had any patients submit applications for CareCredit.

19. The representative then sternly told the administrative staff for the Plaintiff that they needed to do a better job getting patients to sign up for CareCredit.

20. The Clinical Care Coordinator for the Plaintiff told the CareCredit representative that they were not going to push their credit card product on their patients who had no need for it.

21. The CareCredit representative responded by telling the Clinical Care Coordinator for the Plaintiff that the dental office would be able to sell $20,000 treatment plans if they used the CareCredit product.

22. The Clinical Care Coordinator for the Plaintiff responded by informing the CareCredit representative that the practice simply did not push those kinds of high dollar treatment plans.

23. Despite this unequivocal response, the CareCredit representative remained on the premises.

24. The CareCredit representative then continued in his aggressive sales pitch, telling the Plaintiff's staff they needed to go online and do a certification training session to help sell the CareCredit product.

25. The Clinical Care Coordinator for the Plaintiff then told the CareCredit representative they had patients to wait on and that he was getting rude and asked him to leave the premises.

26. Instead of these solicitation visits, CareCredit changed its practice of constant contact of the Plaintiff.

27. Next, the Plaintiff begin receiving calls from CareCredit telemarketing representatives 3 times a day, each and every day, pushing the practice to complete the CareCredit credit card product.

28. In response to these calls, the Plaintiff informed CareCredit that they were not interested in its product.

29. After CareCredit's unwelcome solicitation calls failed to yield the results that CareCredit sought, CareCredit again changed its tactic.

30. On June 23, July 15, 21, 27, August 6, & 13, 2015, Defendant sent fax advertisements to Riverside Family Dental Group touting CareCredit.

31. A copy of the advertisements are attached as <u>Exhibit A</u>.

32. The Defendant itself sent the fax advertisements.

33. The fax advertisements indicate that they would like the Plaintiff to complete the CareCredit certification so that they can resume offering the CareCredit services.

34. CareCredit's contact information is provided on the facsimile advertisement, including the telephone number at (800) 859-9975.

35.     The fax advertisements also tell the recipient to visit the Defendant's website at www.carecredit.com/pro.

36.     Riverside Family Dental Group did not consent to receive fax advertisements from Defendant.

37.     The fax advertisement did not contain an Opt Out Notice that complies with the TCPA.

## CLASS ALLEGATIONS

38.     Riverside Family Dental Group brings this action under Fed. R. Civ. P. 23.

39.     Through the transmission of generic fax advertisements promoting its goods and services, including the Junk Fax it sent to Riverside Family Dental Group, Defendant has engaged in wholesale violations of the TCPA.

40.     Defendant did not obtain the consent of Junk Fax recipients prior to sending them.

41.     To the extent facsimile advertisements were transmitted by Defendant to those who had given consent, or had an established business relationship with it, the Junk Faxes still violate the TCPA, as they did not contain the Opt Out Notice required by law.

42.     The class that Riverside Family Dental Group seeks to represent is composed of all persons or entities within the United States to whom Defendant sent Junk Faxes promoting CareCredit's goods or services at any time within four years prior to the filing of this Complaint through the date of certification in this action.

43.     The class defined above is identifiable by Defendant and its business partners or agents from the databases used to send the Junk Faxes.

44.     There are questions of law and fact common to Riverside Family Dental Group and to the proposed class, including but not limited to the following:

a.      Whether Defendant violated the TCPA by engaging in fax advertising;

        b.      Whether the facsimiles sent by Defendant to class members constitute unsolicited advertisements; and

        c.      Whether Riverside Family Dental Group and the members of the class are entitled to statutory damages as a result of Defendant's actions.

45.     Riverside Family Dental Group's claims are typical of the claims of the class.

46.     Riverside Family Dental Group is an adequate representative of the class because its interests do not conflict with those of the class, it will fairly and adequately protect the interests of the class, and it is represented by counsel skilled and experienced in class actions.

47.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for the fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

48.     The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

49.     Riverside Family Dental Group is capable of representing the members of the class.

## CAUSES OF ACTION
### COUNT I: VIOLATION OF THE TCPA

50.     Defendant caused Junk Faxes promoting its goods and services to be sent to Riverside Family Dental Group and class members, in violation of the TCPA.

51.     By sending Junk Faxes to the class, Defendant violated class members' privacy rights.

7

52. By sending Junk Faxes to the class, Defendant caused class members to sustain property damage and cost in the form of paper and toner.

53. By sending Junk Faxes to the class, Defendant interfered with the class members' use of their property, as class members' facsimile machines were encumbered by the transmission of Defendant's Junk Faxes.

54. Defendant failed to provide the requisite Opt Out Notice on its Junk Faxes, informing the recipients of their right to cease receiving such advertisements and a cost-free mechanism to make such request.

55. Failure to provide an Opt Out Notice on a facsimile advertisement is a separate and distinct violation of the TCPA.

56. The TCPA provides for statutory damages in the amount of a minimum of $500 for each separate violation of its terms.

### COUNT II: INJUNCTIVE RELIEF

57. The TCPA expressly authorizes injunctive relief to prevent future violations of the Act.

58. Riverside Family Dental Group, on behalf of the class, respectfully petitions the Court to order Defendant to immediately cease engaging in unsolicited facsimile advertising in violation of the TCPA.

### PRAYER FOR RELIEF

WHEREFORE, on behalf of itself and members of the class, Riverside Family Dental Group prays for the following relief:

1. That Defendant be enjoined from engaging in future telemarketing in violation of the TCPA;

8

2. That Defendant, its agents, or anyone acting on its behalf be enjoined from altering, deleting, or destroying any documents or records that could be used to identify the class members;

3. That this Court certify the claims of Riverside Family Dental Group and all others similarly situated as class action claims as provided by Rule 23 of the Federal Rules of Civil Procedure;

4. That Riverside Family Dental Group and the other members of the class action so certified be awarded $500 for each negligent violation of the TCPA by Defendant and $1,500 for each willful violation;

5. That the Court enter an appropriate order enjoining Defendant, its agents, or anyone acting on its behalf from altering, erasing, changing, deleting, destroying, or otherwise disposing of any records, including computer disks or computer programs, in its possession or control which can be used to identify all persons, corporations, or other entities to whom Defendant have transmitted unsolicited facsimile advertisements; and

6. That Riverside Family Dental Group and the members of the class be granted such other and further relief as is just and equitable under the circumstances.

### JURY DEMAND

Riverside Family Dental Group requests a jury trial as to all claims of the complaint so triable.

PLAINTIFF

**MICHAEL W. KINCAID, DDS, INC. DBA RIVERSIDE FAMILY DENTAL GROUP**

By its attorneys:

**/s/ Brian K. Murphy**
Brian K. Murphy (6225697)
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH  43215
(614) 488-0400
(614) 488-0401 facsimile
murphy@mmmb.com

Lauren E. Snyder (6293832)
1350 N. Wells Street, Apt. A214
Chicago, IL  60610
(419) 344-1146
lauren.elizabeth.snyder@gmail.com

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Ave, Third Floor
Natick, MA 01760
(508) 655-1415
mmccue@massattorneys.net
*Subject to Pro Hac Vice Admission*

Edward A. Broderick
Anthony Paronich
Broderick Law, P.C.
99 High Street, Suite 304
Boston, MA 02110
 (617) 738-7080
ted@broderick-law.com
anthony@broderick-law.com
*Subject to Pro Hac Vice Admission*