UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL W. KINCAID , DDS, INC. d/b/a RIVERSIDE FAMILY DENTLAL GROUP, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>SYNCHRONY FINANCIAL,<br><br>      Defendant. | Case No. 16-cv-796<br><br>Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Michael W. Kincaid, DDS, Inc., d/b/a Riverside Family Dental Group ("Kincaid") filed a putative class action against Synchrony Financial ("Synchrony") alleging Synchrony violated the Telephone Consumer Protection Act ("TCPA") by sending unsolicited fax advertisements. Synchrony filed two motions to dismiss. The first asserts that this Court lacks personal jurisdiction over it and that venue is not proper in this district. (Dkt. 16.) The second argues that Kincaid has failed to state a claim under the TCPA. (Dkt. 19.) The court agrees that it lacks personal jurisdiction over Synchrony and therefore grants the first motion, rendering the second motion moot.

**Background**

The following facts are taken from the complaint. Synchrony offers consumers a credit card called CareCredit that is designed to be used for charging health care expenses. (Dkt. 1 ¶¶ 13-14.) Synchrony markets this product by getting healthcare providers to recommend CareCredit to their patients and as part of its marketing strategy it sends those providers fax advertisements. (*Id.* ¶¶ 15-30, 39.) In an attempt to get Kincaid to encourage the patients of his dental practice to apply for CareCredit, Synchrony sent Kincaid six fax advertisements throughout June, July, and August 2015.

(*Id.* ¶ 30.) Kincaid did not consent to receive fax advertisements from Synchrony and the advertisements did not contain a notice informing him how to opt-out of receiving additional faxes. (*Id.* ¶¶ 36-37.)

Synchrony presented by affidavits the following facts in opposition to jurisdiction. Kincaid enrolled with Synchrony as a provider who accepts CareCredit using a Columbus, Ohio address. (Dkt. 17-1 ¶¶ 2-3.) Synchrony's place of incorporation is Delaware and its principal place of business is Connecticut. (Dkt. 17-4 ¶ 2.) CareCredit is a product offered by Synchrony's wholly-owned subsidiary, Synchrony Bank, a federally-chartered savings bank headquartered in Utah. (Dkt. 17-1 ¶ 2; Dkt. 17-4 ¶ 2.) The only office and employees related to Synchrony in Illinois are those of Synchrony Bank, and those Illinois' employees make up 2.8% of Synchrony Bank's total employees nationwide. (Dkt. 17-4 ¶¶ 4-6; Dkt. 17-5 ¶¶ 2-3.) Loan receivables from credit card accounts are Synchrony's largest category of assets and its primary source of revenue, and Illinois cardholders' accounts constitute approximately 3.7% of Synchrony's total loan receivables. (Dkt. 17-6 ¶¶ 2-3.)

Kincaid submitted printouts from Synchrony's website as evidence in support of jurisdiction; those printouts demonstrate the following. Synchrony's Chicago, Illinois office is one three "Innovation Stations," meaning it houses a team of employees focused on product development. (Dkt. 28-2 at 3.) The Chicago office has more job listings than any other office except for its Stamford, Connecticut office. (Dkt. 28-4.) The Chicago office is one of the 22 "key Synchrony Financial sites" where Synchrony's "Business Leadership Program" is held. (Dkt. 28-3.) Kincaid also submitted a printout from the website of the Circuit Court of Cook County, indicating that Synchrony Bank has filed hundreds of lawsuits there in the past year. (Dkt. 28-5.)

**Legal Standard**

The plaintiff bears the burden of establishing a prima facie case that personal jurisdiction over the defendant exists. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir.

2003). If the defendant has submitted evidence in opposition to the exercise of jurisdiction, "the plaintiff must go beyond the pleadings and submit affirmative evidence" in support of jurisdiction. *Id.* at 783. Any conflict in the supporting materials submitted by the parties is resolved in favor of the plaintiff. *Id.* But "any facts in the defendant's affidavits that remain unrefuted by the plaintiff" are accepted as true. *GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009).

**Discussion**

Because this Court is exercising federal question jurisdiction, it has personal jurisdiction over Synchrony if either federal law or Illinois law (the state in which this Court sits) authorizes service of process. *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A.,* 623 F.3d 440, 443 (7th Cir. 2010). The TCPA does not authorize nationwide service of process. 42 U.S.C. §227. Therefore this Court has personal jurisdiction only if Synchrony could be served under Illinois law. *Mobile Anesthesiologists,* 623 F.3d at 443. The reach of Illinois' long-arm statute is coextensive with what the Fourteenth Amendment permits. 735 ILCS 5/2-209. Thus the question of personal jurisdiction is resolved in accordance with federal due process jurisprudence. *Mobile Anesthesiologists,* 623 F.3d at 443.

For a court to exercise personal jurisdiction consistent with due process the defendant must have sufficient contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). Personal jurisdiction may be either "general" or "specific." *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (U.S. 2011). Specific jurisdiction requires that the defendant's contacts with the forum state are what "give rise to the liabilities sued on" and are "continuous and systematic". *International Shoe*, 326 U.S. at 317. *See also Daimler AG v. Bauman,* 134 S. Ct. 746, 761 (2014) (confirming that the "continuous and systematic" standard relates to specific

3

jurisdiction). The contacts relevant to specific jurisdiction are those contacts with the forum state that are both related to the lawsuit and created by the defendant. *Walden v. Fiore*, 134 S. Ct. 1115, 1121-22 (2014). General jurisdiction over a corporation requires "continuous corporate operations within a state . . . so substantial and of such a nature as to justify suit…on causes of action arising from dealings entirely distinct from those activities." *Daimler*, 124 S.Ct. at 761 (quoting *International Shoe*, 326 U.S. at 318). A sufficiently substantial corporate presence is per se found at the defendant's place of incorporation and its principle place of business. To find general jurisdiction elsewhere, the court must find the corporation's activities in a state are so substantial that the corporation "is fairly regarded as at home." *Goodyear*, 564 U.S. at 924 (U.S. 2011).

Kincaid has failed to meet his burden of showing that personal jurisdiction over Synchrony—either specific or general—exists. The parties' dispute regarding specific jurisdiction centers on whether faxes allegedly sent to putative class members in Illinois constitute suit-related contacts that are continuous and systematic. Synchrony argues that actions towards putative class members cannot support personal jurisdiction, whereas Kincaid asserts that a court can consider a defendant's actions directed at non-parties. Neither party points to any case in the Seventh Circuit or in this district addressing whether a defendant's conduct directed towards putative class members is relevant to specific jurisdiction, nor could this Court could find any. However, even if this Court could consider such contacts, Kincaid has submitted no affirmative evidence regarding faxes sent into Illinois and thus has failed to meet his burden.

Likewise, the evidence submitted by Kincaid in support of general jurisdiction falls short. Kincaid has failed to demonstrate that Synchrony's corporate operations in Illinois comprise an outsized proportion of its operations nationwide. Because "[a] corporation that operates in many places can scarcely be deemed at home in all of them", the Court cannot find general jurisdiction based solely on the "magnitude of the defendant's in-state contacts." Daimler, 124 S.Ct. at 762 n.20.

4

Rather the court must assess those contacts in light of the "corporation's activities in their entirety, nationwide and worldwide" *Id.* Here, Kincaid presents insufficient evidence to put Synchrony's purported contacts with Illinois into a nationwide context. That Synchrony's Chicago office has posted several positions tells the Court nothing about the proportion of Synchrony's total employees currently working there. In contrast, Synchrony has averred that only 2.8% of the employees of *its subsidiary* are in Chicago. Similarly, the filing of hundreds of lawsuits in Cook County is meaningless if those lawsuits represent only a sliver of Synchrony's total corporate activity. And although the website describes Synchrony's Chicago office as a "key" site, that distinction is shared with 21 other offices. Under *Daimler*, Synchrony cannot be deemed "at home" in all of them. Finally, the website's description of "Innovation Stations" is too vague to draw any conclusion about the proportion of corporate activity that occurs there. In sum, Synchrony website's does not compel the conclusion that the Chicago office is such a major component of the corporation's operations as a whole that Chicago should be considered the company's third home (in addition to their place of incorporation and their principal place of business).

**Conclusion**

Because Kincaid has failed to meet his burden of showing jurisdiction over Synchrony exists, Synchrony's motion to dismiss [16] is granted. Given that the events giving rise to this lawsuit occurred in 2015, and in light of the TCPA's generous four-year statute of limitations, there is no need to transfer rather than dismiss this case in the interest of justice. Kincaid's motion to dismiss for failure to state a claim [19] is stricken as moot.

IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED: August 11, 2016